MITCHELL (TILGHMAN v.). See Cases Nos. 14,041–14,043.

MITCHELL (UNITED STATES v.). See Cases Nos. 15,787–15,792.

MITCHELL (VAN METRE v.). See Cases Nos. 16,864 and 16,865.

---

## Case No. 9,670.

### MITCHELL v. WALKER.

[7 Reporter, 425; 8 Reporter, 232; 25 Int. Rev. Rec. 64, 185; 36 Leg. Int. 74, 158; 2 Nat. Bank Cas. (Browne) 180; 19 Alb. Law J. 182; 26 Pittsb. Leg. J. 95; 4 Cin. Law Bul. 172.] [1]

Circuit Court, W. D. Pennsylvania. Jan. 16, 1879.

NON-NEGOTIABLE NOTES — RIGHT OF ASSIGNEE TO SUE IN HIS OWN NAME — FORM OF ASSIGNMENT — JURISDICTION OF UNITED STATES COURTS — CURRENCY ACT.

1. In Pennsylvania the assignee of a note not under seal containing a warrant to confer judgment may sue in his own name.

2. No particular form of assignment is necessary; it is sufficient that the intent to assign appear.

3. In cases under the national currency act [13 Stat. 99], the circuit courts have jurisdiction of all actions brought by or against any national banking association established in the district for which the court is held, without regard to the citizenship of the parties or the amount involved in the case.

In this case judgment had been entered on a note not under seal containing a warrant of attorney to confess judgment. The note was made by the defendant to the order of Mitchell and by him assigned to the First National Bank of Butler. The defendant took a rule to set aside the judgment for want of jurisdiction.

[The following is an exact copy of the note and endorsement on which the action in Mitchell v. Walker [Case No. 9,670], in the circuit court of the United States for the Western district, was brought:

["$1400.      Butler, Pa., May 31, 1878.

["Five months after date I promise to pay to the order of Alex. Mitchell fourteen hundred dollars, without defalcation, value received; payable at the First National Bank of Butler, Pa.

["And I do hereby authorize and empower any attorney of any court of record in the United States, or elsewhere, to appear for me and confess judgment against me as of

---

[1] [Reprinted from 7 Reporter, 425, by permission. 19 Alb. Law J. 182, gives only a partial report.]

any term for the above sum, with costs of suit, attorney's commission of —— per cent., and release of all errors, hereby waiving inquisition, and agreeing to condemnation of any property that may be levied upon by any execution which may issue forthwith, on failure to comply with the conditions hereof, without stay of execution; also hereby waiving the benefit of any exemption laws, or stay laws, or any act of assembly relative to execution now in force, or hereafter to be passed.                [Saml. Walker.

["(Endorsed)—For value received I do hereby assign the within to the First National Bank of Butler, Pa., and guarantee the payment of the same at maturity, waiving protest and notice of protest.

["Alex. Mitchell."] 2

A. N. Sutton and W. S. Purviance, for the rule.

Miller, McBride, and C. McCandless, contra.

McKENNAN, Circuit Judge, in delivering the opinion of the court, said: Under the Pennsylvania decisions the instrument in suit is a non-negotiable promissory note. Such instruments are not assignable at common law and hence are suable only in the name of the original payee. The state statute of May 28, 1715, provides for the "assignment of bonds, specialties, and notes in writing," and that the assignee thereof may maintain suit in his own name. Under the first section of the act any form expressive of the intent of the assignor to vest the ownership of the instrument in the assignee would effectuate its intent, but the eighth section requires a seal and attestation by two witnesses of "bonds and specialties," while the assignment of "notes in writing" is not restricted by any prescribed formula. The note here was duly assigned so as to enable the First National Bank to bring suit in its own name. Can such suit be maintained in this court, both parties being citizens of Pennsylvania? Under the judiciary act of 1789 [1 Stat. 73], it is clear it could not [both because the legal parties are not citizens of different states, and because the assignor of the note in suit could not maintain it on account of his residence in this district.] 3    But the national currency act seems to have abrogated the conditions of that act so far as they may affect national banks organized under the currency act. That act (section 57) gives to the circuit courts original jurisdiction "of all suits by or against any banking association established in the district for which the court is held under any law providing for national banking associations." This is reënacted by Rev. St. 2. 7. The enactment was not necessary to confer jurisdiction upon the circuit courts of suits by and against banking associations, because as separate bodies they might sue and be sued in such courts under the judiciary act

when the conditions prescribed by that act existed. That was manifestly not its object. But it is an unconditional grant of jurisdiction of all suits by or against national banks to the circuit court of the district in which such banks are established, and is limited to these courts. Hence the more reasonable hypothesis is that it was intended to enable national banks to sue and be sued in the circuit courts of their several districts alone, irrespective of the conditions as to the amount in controversy and the citizenships of the parties which are imposed upon the right by the judiciary act. So it has been held in several cases where suits were instituted by national banks as indorsees of commercial paper. The note in this case is not negotiable, but although in most of their characteristic qualities the instruments are unlike, and the legal effect of their transfer is in some respect different, yet what reason is there for a discriminating application of the statutory provision, where the right to sue in his own name by an assignee or indorsee is just as full and complete in the one case as in the other. The terms of the statute embrace all suits alike, and their fair import is that of all suits which a national bank may rightfully institute in its own name the circuit court of the district in which it is established may entertain jurisdiction. Motion to set aside denied, and leave given plaintiff to amend by striking out the name of "Alexander Mitchell, for use," [so that the First National Bank shall stand as the legal plaintiff on the record.] 3